# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GARY DALE POOLE, | Case No. 1:17-cv-01402-DAD-EPG-PC |
|---|---|
| Plaintiff, | <u>SCREENING ORDER</u> |
| v. | ORDER FOR PLAINTIFF TO EITHER: |
| MARGARET MIMS, et al., | (1) FILE AN AMENDED COMPLAINT; |
| Defendants. | OR |
| | (3) NOTIFY THE COURT THAT HE STANDS ON THE COMPLAINT AS WRITTEN, IN WHICH CASE THE COURT WILL ISSUE A RECOMMENDATION FOR DISMISSAL CONSISTENT WITH THIS ORDER |
| | THIRTY-DAY DEADLINE |

Gary Dale Poole ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's Complaint, dated October 15, 2017. (ECF No. 1).

The Court has screened Plaintiff's Complaint and finds that it does not state any cognizable claim. Plaintiff may: (1) file a First Amended Complaint curing the deficiencies identified by this order, in which case the Court will screen the First Amended Complaint in due course; or (2) notify the Court that he stands on the Complaint as written, in which case the undersigned will issue findings and recommendation to the assigned District Judge to dismiss the Complaint with leave to amend.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   SUMMARY OF COMPLAINT

Plaintiff names as Defendants Margaret Mims, Fresno County Sheriff; Stephani Calvio, Health Service Administrator at Corizon Health; Dr. Obadina, Corizon Health; and Dr. Gary Storey, surgeon at CRMC.

Plaintiff alleges that Defendant Mims, Defendant Calvio, and Dr. Obadina entered into a written agreement that allowed the following to occur.

Plaintiff alleges that "since Jan, 16,"[1] there have been numerous occasions when he has missed doses of "vital medications," sometimes for four to five days at a time. For example,

---

[1] It is unclear if Plaintiff is referring to the month of January 2016 or the day January 16 of a specific year.

Plaintiff alleges that from July 22 to July 28, 2017, he missed seven consecutive doses of Harvoni (for hepatitis C) because the medication had run out.

Plaintiff alleges that for almost one year he was giving bloody urinalysis. "And finally [after] some investigation," lab results indicated tumor markers. Although medical personnel said it was "nothing to worry about," Plaintiff had symptoms of pain, weight loss, and anemia. Plaintiff is down to 171 pounds from 216 pounds and his weight is dropping steadily.

On July 26, 2017, Plaintiff underwent bladder cancer surgery. Plaintiff alleges that Dr. Storey punctured Plaintiff's bladder during the surgery, which necessitated a second procedure on October 9, 2017 by another surgeon. Plaintiff alleges that he "still ha[s] never seen an oncologist."

Plaintiff alleges he is in solitary confinement, "has had 2 pieces of catheters in me," has no bladder control, and has been sick and in constant pain for two months. Plaintiff alleges that Dr. Obadina "kept playing with my pain meds" and sometimes Plaintiff would not get any pain medication. Plaintiff alleges that since he informed Dr. Obadina that he was proceeding with the instant lawsuit on October 10, 2017, Dr. Obadina has allowed Plaintiff's Gabapentin prescription (for neuropathic pain) to expire and refused to increase Plaintiff's codeine.

Plaintiff also alleges that he has contracted MRSA infections two to three times (related to his bladder issue) due to lack of proper medical attention and care.

Plaintiff alleges that Defendants withheld medical information from Plaintiff, and this impeded Plaintiff's ability to take legal action for the medical error made by Dr. Storey during surgery. Plaintiff believes that Dr. Storey covered up the error by stating in the post-operation report that the puncture was precipitated by a nerve twitch. Dr. Obadina mentioned a nerve spasm to Plaintiff but omitted the bladder puncture. Plaintiff alleges that once Dr. Obadina noticed he had piqued Plaintiff's interest, Dr. Obadina did not speak further. At his next follow-up, Plaintiff asked Dr. Storey about the issue. Dr. Storey stated that Plaintiff had a nerve twitch that caused Plaintiff's leg to hit Dr. Storey in the head. Plaintiff alleges that he was denied access to his medical records during July, August, and September 2017. Finally, Plaintiff received his medical records on September 29, 2017, after Plaintiff threatened a lawsuit.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

1  Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

### A. Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in

5

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### 1. Missed Doses of Medication

Based on the allegations in the Complaint, it appears that Plaintiff suffered from hepatitis C and bladder cancer and experienced constant pain, weight loss, and anemia. Plaintiff has sufficiently alleged that he had serious medical needs.

Plaintiff alleges that there have been numerous occasions when he has missed doses of "vital medications," sometimes for four to five days at a time. For example, Plaintiff alleges that from July 22 to July 28, 2017, he missed seven consecutive doses of Harvoni (for hepatitis C) because the medication had run out.

Plaintiff's allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs with respect to the missed doses of medication. A plaintiff "can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment." Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) (citing Estelle, 429 U.S. at 105). However, even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the Complaint contains no allegations regarding Defendants' conduct that resulted in the Harvoni shortage and Plaintiff missing doses of vital medications. The Court also notes that other than Harvoni, Plaintiff does not allege which vital medications he did not receive.

### 2. Bladder Cancer

Based on the allegations in the Complaint, it appears that for almost one year Plaintiff was giving bloody urinalysis. "And finally [after] some investigation," lab results indicated tumor markers. On July 26, 2017, Plaintiff underwent surgery for bladder cancer. Dr. Storey punctured Plaintiff's bladder during the surgery, which necessitated a second procedure. Plaintiff

also alleges that he has never seen an oncologist.

Plaintiff has sufficiently alleged that he had serious medical needs. However, Plaintiff's allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs with respect to the bladder cancer diagnosis and treatment. Even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the Complaint does not identify which Defendants were aware of Plaintiff's bloody urinalysis and what action or inaction by Defendants resulted in the alleged delay in further examining Plaintiff's condition. With respect to Plaintiff not being seen by an oncologist, a difference of opinion between an inmate and prison medical personnel regarding appropriate treatment is not enough to establish a deliberate indifference claim. Toguchi, 391 F.3d at 1058. With respect to the erroneous puncture during Plaintiff's surgery, mere negligence or medical malpractice does not rise to the level a constitutional violation. Estelle, 429 U.S. at 106.

3. Pain Management

Based on the allegations in the Complaint, it appears that after Plaintiff's surgery, Plaintiff was in solitary confinement and had been sick and in constant pain for two months. Plaintiff alleges that Dr. Obadina "kept playing with my pain meds" and sometimes Plaintiff would not get any pain medication. Plaintiff alleges that Dr. Obadina allowed Plaintiff's Gabapentin prescription (for neuropathic pain) to expire and refused to increase Plaintiff's codeine.

Even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, Plaintiff's allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs with respect to Plaintiff's pain management. The Complaint does not allege that Dr. Obadina ignored any instruction of the surgeon regarding post-operation pain management, Dr. Obadina purposefully denied pain medication, or Dr. Obadina's chosen course of treatment was "medically unacceptable under the circumstances." Toguchi, 391 F.3d at 1058. A difference of opinion between an inmate and prison medical personnel regarding appropriate treatment is not enough to establish a deliberate indifference claim. Id.

1. 4. MRSA

The Complaint alleges that Plaintiff contracted MRSA infections two to three times due to lack of proper medical attention and care. These allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs. Even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the Complaint does not identify what conduct by which Defendants resulted in Plaintiff contracting MRSA infections.

**B. Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake." Coakley v. Murphy, 884 F.2d 1218, 1220 (9th Cir. 1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Complaint fails to state a due process claim regarding Plaintiff's medical records. Even if Plaintiff had a protected liberty interest in obtaining copies of his medical records, Plaintiff was not deprived of said liberty interest as he was given copies of his medical records.

**C. Access to Courts**

Prisoners have a right to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 824–25 (1977); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a

manner adverse to him. Lewis, 518 U.S. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"). While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Id. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff's allegations are insufficient to state a claim regarding access to the courts. Plaintiff has not shown that Defendants' actions, or failure to act, caused Plaintiff actual prejudice with respect to pending litigation or a claim that he was unable to bring. The Complaint is devoid of any facts suggesting that Plaintiff suffered an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

**D. Retaliation**

The First Amendment protects a prisoner's right to seek redress of grievances from prison authorities and a prisoner's right of meaningful access to the courts. Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015). In the context of prisons, a First Amendment retaliation claim is comprised of five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's allegations are insufficient to state a claim for retaliation. Even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the Complaint does not allege facts sufficient to show a causal link between Plaintiff's protected activity (*i.e.*, commencing the instant civil rights action) and Dr. Obadina allowing Plaintiff's Gabapentin prescription to expire and refusing to increase Plaintiff's codeine. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (finding that "timing can properly be considered as circumstantial evidence," but timing of adverse action alone is insufficient to establish retaliatory intent).

**E. Conspiracy**

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (internal quotation marks omitted) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Even taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the Complaint's vague and conclusory allegation that "Margaret Mims, Stephani Calvio, and Dr. Obadina entered into agreement, by written contract" is insufficient to state a claim for conspiracy under § 1983.

**IV. CONCLUSION AND ORDER**

The Court has screened Plaintiff's Complaint and finds that it fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Plaintiff is granted leave to file an amended complaint within thirty days.

Should Plaintiff choose to amend the Complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded that Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his

rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **THIRTY (30) days** from the date of service of this order, Plaintiff shall either:

    (1) File a First Amended Complaint attempting to cure the deficiencies identified in this order; or

    (2) Notify the Court in writing that he wishes to stand by the Complaint as written, in which case the Court will issue a recommendation to dismiss noncognizable claims and claims against any other defendants consistent with this order;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01402-DAD-EPG; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **March 19, 2018**

/s/ Eric P. Grojean
UNITED STATES MAGISTRATE JUDGE